# In The United States Court of Federal Claims

No. 11-255C

(Filed: November 19, 2012)

_____

CHEETAH OMNI, LLC,

       Plaintiff,

       v.

THE UNITED STATES,

       Defendant,

BAE SYSTEMS INFORMATION &
ELECTRONIC SYSTEMS INTEGRATION,
INC.

       and

NORTHROP GRUMMAN SYSTEMS
CORPORATION,

       Third-Party Defendants.

_____

**ORDER**
_____

On November 16, 2012, a status conference was held in this case. Participating in the conference were Winston O. Huff, for plaintiff, Benjamin S. Richards, for defendant, Mark M. Supko, for third-party defendant BAE Systems Information & Electronic Systems Integration, Inc., and William C. Bergmann, for third-party defendant Northrop Grumman Systems Corporation. As agreed upon by the parties at the conference, the court hereby orders the following:

    1.    Fact discovery shall begin on the day that this order is entered and shall remain open until further court order;

    2.    On or before November 27, 2012, the parties shall exchange initial disclosures under RCFC 26(a)(1);

3. On or before December 7, 2012, the parties shall file a joint motion proposing an order governing the use of electronic discovery. If the parties cannot agree completely on a joint submission, on or before December 7, 2012, plaintiff shall file its proposed order, and, on or before December 10, 2012, defendant and third-party defendant shall file redline documents reflecting suggested revisions to plaintiff's proposed order;

4. On or before January 22, 2013, plaintiff shall serve on all parties its Claim Chart and its Infringement Contentions;

5. Plaintiff's Claim Chart and Infringement Contentions referenced in paragraph 4 shall contain the following information:

   a. Each claim of any patent in suit which the party alleges was infringed;

   b. The identity of each apparatus, product, device, process, method, act or other instrumentality of each opposing party which allegedly infringes each claim;

   c. Whether such infringement is claimed to be literal or under the doctrine of equivalents;

   d. Where each element of each infringed claim is found within each apparatus, product, device, process, method, act or other instrumentality; and

   e. If plaintiff wishes to preserve the right to rely on its own apparatus, product, device, process, method, act or other instrumentality as evidence of commercial success, it must identify, separately for each claim, each such apparatus, product, device, process, method, act or other instrumentality that incorporates or reflects that particular claim.

6. On or before April 22, 2013, defendant and third-party defendant shall serve on all parties their Claim Chart and Invalidity Contentions;

7. Defendant's and third-party defendant's Claim Chart and Invalidity Contentions referenced in paragraph 6 shall contain the following information:

   a. The identity of each item of prior art that anticipates the claim or renders it obvious;

   b. Whether each item of prior art anticipates the claim or renders it obvious;

      c.      Where each element of the claim is found within each item of prior art; and

      d.      All grounds of invalidity other than anticipation or obviousness.

8.      On or before May 13, 2013, the parties shall meet to identify claim terms requiring construction;

9.      On or before June 12, 2013, plaintiff shall serve on all parties its Proposed Claim Construction Statement;

10.     Plaintiff's Proposed Claim Construction Statement referenced in paragraph 9 shall contain the following information for each claim in issue:

      a.      Preferred interpretation of any claim term or phrase and identification of support for that interpretation in the claims themselves;

      b.      All references from the specification that support, describe, or explain each element of the claim;

      c.      All material in the prosecution history that describes or explains each element of the claim;

      d.      Any extrinsic evidence that supports the proposed construction of the claim, including, but not limited to, dictionaries, treatises, expert testimony, inventor testimony, and prior art, as permitted by law; and

      e.      If plaintiff intends to offer expert testimony during a claim construction hearing, it must disclose the expert as set forth in RCFC 26(a)(2), no later than when plaintiff serves its Proposed Claim Construction Statement.

11.     On or before July 12, 2013, defendant and third-party defendant shall serve on all parties their Proposed Claim Construction Statements;

12.     Defendant's and third-party defendant's Proposed Claim Construction Statements referenced in paragraph 11 shall contain the following information:

      a.      Any interpretation of a claim term or phrase, in addition to or contrary to that disclosed pursuant to item (a) of plaintiff's Proposed Claim Construction Statement, and identification of support for that interpretation in the claims themselves;

  b. All references from the specification that support, describe, or explain each element of the claim in addition to or contrary to those disclosed pursuant to item (b) of plaintiff's Proposed Claim Construction Statement;

  c. All material in the prosecution history that describes or explains each element of the claim in addition to or contrary to those disclosed pursuant to item (c) of plaintiff's Proposed Claim Construction Statement;

  d. Any extrinsic evidence that supports the proposed construction of the claim, including, but not limited to, dictionaries, treatises, expert testimony, inventor testimony, and prior art, as permitted by law; and

  e. If defendant or third-party defendant intends to offer expert testimony during a claim construction hearing, it must disclose the expert as set forth in RCFC 26(a)(2), no later than when defendant or third-party defendant, as applicable, serves its Proposed Claim Construction Statement.

13. On or before August 12, 2013, the parties shall file their Joint Claim Construction Statement;

14. The Joint Claim Construction Statement referenced in paragraph 13 shall contain the following information:

  a. The construction of those claims and terms on which the parties agree;

  b. Each party's proposed construction of each disputed claim and term, supported by the same information that is required under paragraphs 10 and 12 above; and

  c. For any party who proposes to call a witness at the claim construction hearing, the identity of each such witness, the subject matter of the witness's testimony, and an estimate of the time required for the testimony.

15. On or before September 11, 2013, the parties shall file their opening claim construction briefs;

16. On or before October 11, 2013, the parties shall file their responsive claim construction briefs;

17. The court will schedule a claim construction hearing shortly after the close of briefing; and

18. The court intends to close fact discovery sixty (60) days after the court issues a claim construction ruling and intends to have the parties file a joint status report on how the case should proceed fourteen (14) days after the close of fact discovery, but does not order such deadlines at this time.

**IT IS SO ORDERED.**

          s/ Francis M. Allegra
          Francis M. Allegra
          Judge