# In The United States Court of Federal Claims

No. 11-255C

(Filed: December 18, 2012)

———————

CHEETAH OMNI, LLC,

       Plaintiff,

v.

THE UNITED STATES,

       Defendant,

  and

BAE SYSTEMS INFORMATION &
ELECTRONIC SYSTEMS INTEGRATION,
INC. ,

       Third-Party Defendant.

———————

**MANAGEMENT OF E-DISCOVERY ORDER**

———————

The parties have stipulated and the court hereby orders as follows:

1.     This order supplements this court's discovery rules.

2.     Generally, the costs of discovery shall be borne by each party, subject to the provisions of RCFC 26(b)(2)(B) and 37.

3.     Subject to paragraph 4, production requests under RCFC 34 and 45 involving electronically stored information (ESI) shall not include metadata absent a showing of good cause (*e.g.*, that questions exist concerning the authenticity or authorship of email).

4.     The production of email need not include metadata so long as the following information fields are otherwise apparent: date sent, to, from, subject, and cc, and the name, size, and file extension of any attached file(s).

5. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, the relevant finances, as well as the technology systems involved with email that is reasonably anticipated to be relevant. While this provision does not require the production of such information, the court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

6. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and time frame.

7. Pursuant to Fed. R. Evid. 502, the production of documents and data pursuant to this order shall not result in the waiver of the attorney-client privilege or work-production protection as to those documents and data. Also, the production of privileged or protected documents or data under this order shall not result in the waiver of the attorney-client privilege or work-product protection as to those documents and data in any other federal or state proceeding.

8. If the producing party determines that it has produced a document or data to which it wishes to assert a claim of privilege or protection, the counsel for the producing party shall notify the recipient promptly of its claim. As part of the notification, the producing party's counsel shall identify, by Bates number(s), the document(s) as to which the producing party is asserting a claim of privilege or protection.

9. The recipient shall notify the producing party's counsel upon identification of any document(s) or data which appears to be potentially privileged or protected. Such notification shall not waive the recipient's ability to challenge any assertion of privilege or protection made by the producing party as to the identified document(s). As part of the notification, the recipient shall identify, by Bates number(s), the document(s) or data at issue. The recipient shall segregate the specified document(s) or data, as well as any copies thereof, from the other materials, and the recipient shall not use the information in the potentially privileged or protected document(s) or date, except as provided by RCFC 26(b)(5)(B), for a period of 14 days after the date on which the recipient notifies the producing party's counsel. Within the 14-day period, or any other period of time agreed to by the parties, the producing party shall determine whether it will assert a claim of privilege or protection as to the identified document(s), and its counsel shall notify the recipient of its determination.

10. Upon receiving notice of a claim of privilege or protection by the producing party regarding a produced document or data, the recipient shall segregate, with promptness and in accordance with RCFC 26(b)(5)(B), the specified document or data, as well as any copies thereof, and the recipient shall not use the information in the specified document or data, except as provided by RCFC 26(b)(5)(B), until after the claim is resolved.  If the court upholds – or if the recipient does not challenge – the producing party's claim or privilege as to the produced document or data, the recipient shall return or dispose of the specified document or data, as well as any copies thereof.

11. The parties agree to exchange ESI in accordance with the following provisions.  All ESI will be produced either in their native file format or in PDF or TIFF format according to the preference of the producing party except that in the case of ESI for which the native file format is Microsoft Office Excel or other spreadsheet software (*e.g.*, Lotus 123 or Quattro Pro), such ESI shall be produced in its native file format.  In producing ESI in PDF or TIFF format, however, the producing party shall not remove or reduce any word searching capabilities present in the underlying ESI's native file format.  The parties may, by agreement, modify the formats prescribed by this paragraph.

12. This order may be modified by the court for good cause.  The court will be inclined to grant any modification jointly proposed by the parties.

**IT IS SO ORDERED.**

                                                                s/Francis M. Allegra  
                                                                Francis M. Allegra  
                                                                Judge