# In The United States Court of Federal Claims

No. 11-255C

(Filed: December 18, 2012)

_____

CHEETAH OMNI, LLC,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant,

and

BAE SYSTEMS INFORMATION &
ELECTRONIC SYSTEMS INTEGRATION,
INC. ,

    Third-Party Defendant.

_____

**PROTECTIVE ORDER**
_____

  Pursuant to Rules 1, 16, and 26(c) of the Rules of the United States Court of Federal Claims, the court hereby enters this Order to protect Protected or Highly Protected information as defined below.

  This Protective Order does not specify the procedures under which access to classified information is to be provided and shall not be construed as requiring the production of any information that is classified for reasons of national security.  Access to such information shall be governed solely by existing laws and regulations pertaining to national security.

## Definitions

  For purposes of this Protective Order:

1.  "Party" shall mean Cheetah Omni, LLC, the government, BAE Systems Information and Electronic Systems Integration, Inc., and any other entity that appears in this lawsuit as an intervenor or third party.

2. "Entity" means an individual or an entity.  For the purposes of this Protective Order, "Entity" includes the government.

3. "Producer" means an entity who produces information via the discovery process in this case.

4. "Recipient" means an entity who receives information via the discovery process in this case.

5. "Protected information" is information concerning an entity's business operations, process, and technical and development information within the scope of Rule 26(c)(1)(G) of the Rules of the Court of Federal Claims, the disclosure of which is likely to harm that entity's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a court.

6. "Highly Protected information" is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Protected information.

7. Information is not Protected or Highly Protected if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Protective Order or a breach of any other obligation to maintain such information in confidence.  Information is likewise not Protected if an entity lawfully obtained it independently of this litigation.

### Designation of Information as Protected

8. An entity's designation of information as Protected or Highly Protected means that the entity believes in good faith, upon reasonable inquiry, that the information qualifies as such.

9. An entity designates information in a document or thing as Protected or Highly Protected by clearly and prominently marking it on its face as **"PROTECTED INFORMATION, SUBJECT TO PROTECTIVE ORDER," "HIGHLY PROTECTED INFORMATION,"** or a marking of like import.  A producer may make documents or things containing Protected or Highly Protected information available for inspection and copying without marking them without forfeiting a claim of confidentiality, so long as the producer causes the documents or things to be marked as Protected or Highly Protected before providing copies to the recipient.

10. An entity designates information in deposition testimony as Protected or Highly Protected by stating on the record at the deposition that the information is Protected or Highly Protected or by advising the opposing party and the

stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Protected or Highly Protected.

11. An entity's failure to designate a document, thing, or testimony as Protected or Highly Protected does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

12. An entity who has designated information as Protected or Highly Protected may withdraw the designation by written notification to all parties in the case.

13. If a party disputes a producer's designation of information as Protected or Highly Protected, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials.  The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the court.  If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after the party and the producer have met and conferred unless within that fourteen day period the producer files a motion or otherwise seeks leave of the court to maintain the producer's designation.  The producer bears the burden of proving that the information is properly designated as Protected or Highly Protected.  The information shall remain subject to the producer's Protected or Highly Protected designation until the court rules on the dispute.  A party's failure to contest a designation of information as Protected or Highly Protected is not an admission that the information was properly designated as such.

**Use and Disclosure of Protected or Highly Protected Information**

14. Protected or Highly Protected information may be used exclusively for purposes of this litigation (including any appeal(s)), subject to the restrictions of this Protective Order.

15. Absent written permission from the producer or further order by the court, the recipient may not disclose Protected information to any entity other than the following:

   a. A party's outside counsel of record (including attorneys of the United States Department of Justice), including necessary paralegal, secretarial and clerical personnel assisting such counsel;

   b. A party's in-house counsel (including attorneys of the cognizant agencies and/or departments of the United States);

   c. A party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case;

       d.    A stenographer and videographer recording testimony concerning the information;

       e.    Subject to the provisions of Paragraph 17 of this Order, experts and consultants and their staff whom a party employs for the purpose of this litigation only; and

       f.    The court and personnel assisting the court.

16. Absent written permission from the producer or further order by the court, the recipient may not disclose Highly Protected information to any person other than those identified in Paragraph 15(a), (d), (e), and (f).

17. A party may not disclose Protected or Highly Protected information to an expert or consultant pursuant to Paragraph 15 of this Order until after the expert or consultant has signed an undertaking in the form of Attachment A to this Order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution. At least ten days before the first disclosure of Protected or Highly Protected information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten (10) days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must promptly request a ruling by the court, and the Protected or Highly Protected information may not be disclosed to the expert or consultant without the court's approval.

18. Notwithstanding Paragraph 15, a party may disclose Protected or Highly Protected information to any entity indicated by the document containing Protected or Highly Protected information to be its originator, its author, or a recipient of a copy.

### Inadvertent Disclosure of Protected or Highly Protected Information

19. The inadvertent or unintentional disclosure of Protected or Highly Protected information during the course of this litigation, without designating it as Protected or Highly Protected information at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim that the disclosed information is Protected or Highly Protected, either as to the specific information disclosed or as to any other information relating thereto. In order to maintain its Protected or Highly Protected status, any such Protected or Highly Protected information must, however, be so designated within ten (10) business days after learning of the inadvertent or unintentional disclosure.

20. Upon becoming aware of any loss, theft, and/or unauthorized copying or disclosure of Protected or Highly Protected information, counsel for the recipient shall

promptly notify the producer and shall immediately take all reasonably appropriate and available actions to retrieve any Protected or Highly Protected information and prevent any further unauthorized access or dissemination.

### Inadvertent Disclosure of Privileged Information

21. Pursuant to Fed. R. Evid. 502, the production of documents and data pursuant to this Order shall not result in the waiver of the attorney-client privilege or work-production protection as to those documents and data. Also, the production of privileged or protected documents or data under this Order shall not result in the waiver of the attorney-client privilege or work-product protection as to those documents and data in any other federal or state proceeding.

22. If the producer determines that it has produced a document or data to which it wishes to assert a claim of privilege or protection, the counsel for the producer shall promptly notify the recipient of its claim. As part of the notification, the producer's counsel shall identify, by Bates number(s), the document(s) as to which the producer is asserting a claim of privilege or protection.

23. The recipient shall notify the producer's counsel upon identification of any document(s) or data which appears to be potentially privileged or protected. Such notification shall not waive the recipient's ability to challenge any assertion of privilege or protection made by the producer as to the identified document(s). As part of the notification, the recipient shall identify, by Bates number(s), the document(s) or data at issue. The recipient shall segregate the specified document(s) or data, as well as any copies thereof, from the other materials, and the recipient shall not use the information in the potentially privileged or protected document(s) or date, except as provided by RCFC 26(b)(5)(B), for a period of fourteen (14) days after the date on which the recipient notifies the producer's counsel. Within the fourteen-day period, or any other period of time agreed to by the parties, the producer shall determine whether it will assert a claim of privilege or protection as to the identified document(s), and its counsel shall notify the recipient of its determination.

24. Upon receiving notice of a claim of privilege or protection by the producer regarding a produced document or data, the recipient shall segregate, with promptness and in accordance with RCFC 26(b)(5)(B), the specified document or data, as well as any copies thereof, and the recipient shall not use the information in the specified document or data, except as provided by RCFC 26(b)(5)(B), until after the claim is resolved. If the court upholds – or if the recipient does not challenge – the producer's claim of privilege as to the produced document or data, the recipient shall return or dispose of the specified document or data, as well as any copies thereof.

### Filing with Court

25. In the event that Protected or Highly Protected information is included in any electronically-filed document, the party seeking to file such Protected or Highly Protected information shall seek leave to file it electronically under seal.  All other documents filed with the court containing Protected or Highly Protected information shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this litigation, the words "**CONTAINS PROTECTED [or HIGHLY PROTECTED] INFORMATION**" and "**SUBJECT TO PROTECTIVE ORDER**" as an indication of the nature of the contents.

### Document Disposal

26. Upon final conclusion of this case, including any appeals, each party must return to the producer all documents and copies of documents containing the producer's Protected or Highly Protected information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Protected or Highly Protected information.  Alternatively, the party may destroy all documents and copies of documents containing the producer's Protected or Highly Protected information.  The party returning and/or destroying the producer's Protected or Highly Protected information must promptly certify in writing its compliance with the requirements of this paragraph.  Notwithstanding the requirements of this paragraph, and remaining subject to all requirements of this Order:

    a. Outside counsel of record for each party may retain one complete set of all documents filed with the court, discovery responses, deposition transcripts and exhibits, hearing transcripts and exhibits (including demonstratives), and trial transcripts and exhibits (including demonstratives); and

    b. The United States Department of Justice may retain one set of any documents received in connection with this litigation, solely for archival purposes.

### Survival of Obligations

27. This Order's obligations regarding Protected or Highly Protected information shall survive the conclusion of this case.

**IT IS SO ORDERED.**

                                              s/Francis M. Allegra
                                              Francis M. Allegra
                                              Judge

**(Attachment A)**

# In The United States Court of Federal Claims

No. 11-255C
_____

CHEETAH OMNI, LLC,

                Plaintiff,

    v.

THE UNITED STATES,

                Defendant,

    and

BAE SYSTEMS INFORMATION &
ELECTRONIC SYSTEMS INTEGRATION,
INC. ,

                Third-Party Defendant.

**ACKNOWLEDGMENT OF PROTECTIVE ORDER
REGARDING PROTECTED [OR HIGHLY PROTECTED] INFORMATION**

    I, _____, state the following under penalties of perjury as provided by law:

    I have been retained by _____ as an expert or consultant in connection with this case.  I understand that I may be receiving Protected or Highly Protected information that is covered by the court's Protective Order dated _____, 2012.  I have read the court's Protective Order and understand that any Protected or Highly Protected information is provided pursuant to the terms and conditions in that Order.

    I agree to be bound by the court's Protective Order.  I agree to use the Protected or Highly Protected information solely for purposes of this case.  I understand that neither the Protected or Highly Protected information nor any notes concerning that information may be disclosed to anyone that is not permitted to receive such information under the court's Protective Order.  I agree to return the Protected or Highly Protected information and any notes concerning that information to the attorney for _____ or to destroy the information and any notes at that attorney's request.

7

I submit to the jurisdiction of the United States Court of Federal Claims for the purpose of enforcement of this Protective Order.

_____          _____
(Date)                                                                          (Signature)


                                                                                    _____
                                                                                    (Printed Name)


_____
(Address)